UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
PULTE HOMES OF NEW YORK, LLC,  :
           Plaintiff,  :
             :
v.  :   **OPINION AND ORDER**
             :
TOWN OF CARMEL and TOWN OF  :   16 CV 8093 (VB)
CARMEL PLANNING BOARD,  :
           Defendants.  :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Pulte Homes of New York, LLC ("Pulte"), brings this action pursuant to 42 U.S.C. § 1983 against defendants Town of Carmel (the "Town") and Town of Carmel Planning Board (the "Planning Board"), alleging defendants violated its constitutional rights to equal protection and procedural and substantive due process, and seeking damages, declaratory relief, and equitable relief.

      Now pending are (i) defendants' motion for reargument of one aspect of the Court's September 5, 2017, Opinion and Order, which granted in part and denied in part defendants' motion to dismiss the amended complaint (Doc. #36), and (ii) plaintiff's motion to certify an appeal of the Court's September 5, 2017, Opinion and Order (Doc. #35).

      For the following reasons, defendants' motion is GRANTED. Plaintiff's motion is DENIED AS MOOT.

      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

      Familiarity with the factual background of the case is presumed. Of relevance to the instant motions are the following facts:

Pulte owns approximately one hundred acres of land in the Town of Carmel, divided into three lots: "Lot 3," "Lot 4," and "Lot 5" (together "the property"). (Am. Compl. ¶ 18).

On February 3, 2006, the Planning Board "granted final site plan approval" for the property to be developed with a total of 313 "dwelling units." (Am. Compl. ¶ 22).

In 2008, Pulte sought site plan amendments, which reduced the overall unit and building count. Later that year, Pulte was informed it would be required to pay a $3,500 recreation fee per dwelling unit. On October 28, 2008, Pulte paid $385,000 in recreation fees "under protest" for Lot 4. (Am. Compl. ¶28). On November 12, 2008, the Planning Board passed three resolutions adopting Pulte's site plan amendments (the "2008 Resolutions").

On June 28, 2012, Pulte applied for additional site plan amendments for Lots 3 and 5, which again reduced the number of units, and sought Planning Board approval. From May through September 25, 2013, the Planning Board held public hearings, and by resolutions dated September 27, 2013, it approved the plans and imposed a recreation fee of $3,500 per unit (the "2013 Resolutions"). On October 18, 2013, Pulte paid the Town $364,000 in recreation fees for Lots 3 and 5, again "under protest." (Am. Compl. ¶ 38).

On October 17, 2016, plaintiff commenced this action with the filing of a complaint.

In its September 5, 2017, Opinion and Order, the Court concluded Pulte's claims stemming from the 2008 Resolutions were barred by the applicable statute of limitations, but that its claims stemming from the 2013 Resolutions were timely. (Doc. #33).

## DISCUSSION

I.  Legal Standard

"The Court has authority under Fed.R.Civ.P. 54(b), as well as the inherent power of the court, to reconsider a prior decision at any time before the entry of final judgment." Richman v. W.L. Gore & Assocs., 988 F.Supp. 753, 755 (S.D.N.Y. 1997).

2

"A party seeking reargument must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion and that might reasonably be expected to alter the conclusion reached by the court." Abrahamson v. Bd. of Educ. of Wappingers Cent. Sch. Dist., 237 F. Supp. 2d 507, 510 (S.D.N.Y. 2002) (citing Shrader v. CSX Transportation, Inc., 70 F.3d 255, 256 (2d Cir. 1995); Davis v. The Gap, Inc., 186 F.R.D. 322, 324 (S.D.N.Y. 1999)). "In doing so, a party in its motion for reargument may not advance new facts, issues or arguments not previously presented to the court." Id. (internal quotation marks omitted).

II. Timeliness of Pulte's Claims

Defendants argue the Court overlooked controlling precedent in its September 5, 2017, Opinion and Order, when it determined Pulte's claims related to the 2013 Resolutions were timely.

The Court agrees. Accordingly, upon reconsideration, the Court concludes its determination in this regard was erroneous.

"The statute of limitations applicable to claims brought under . . . [Section] 1983 in New York is three years." Patterson v. City of Oneida, 375 F.3d 206, 225 (2d Cir. 2004). "While state law supplies the statute of limitations for claims under § 1983, federal law determines when a federal claim accrues." Connolly v. McCall, 254 F.3d 36, 41 (2d Cir. 2001) (internal quotation marks omitted). "Generally speaking, under federal law 'the time of accrual is that point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" Covington v. City of New York, 171 F.3d 117, 121 (2d Cir. 1999) (quoting Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980)).

"The crucial time for accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action." Singleton v. City

3

of New York, 632 F.2d at 192. "[T]he proper focus is on the time of the discriminatory act, not the point at which the consequences of the act become painful." Chardon v. Fernandez, 454 U.S. 6, 8 (1981) (emphasis in original) (citing Delaware State Coll. v. Ricks, 449 U.S. 250, 258 (1980)). For example, in Chardon v. Fernandez, non-tenured administrators working for the Puerto Rico Department of Education were notified by letter that their "appointment[s] would terminate at a specified date" in the future. 454 U.S. at 6. One of these administrators filed suit within one year after his appointment ended, but more than one year after he was notified that his appointment would end. The Supreme Court determined the one-year statute of limitations applicable there began to run at the time of the notification, not at the termination of the appointment. Id. at 8. See also Delaware State Coll. v. Ricks, 449 U.S. 250, 258 (1980); Pauk v. Bd. of Trustees of City Univ. of New York, 654 F.2d 856, 859 n.2 (2d Cir. 1981) ("We reject [plaintiff's] theory that no 'deprivation' occurred under § 1983 until his employment actually terminated. The alleged deprivation violating [plaintiff's] constitutional rights was not the fact of his discharge but the denial of reappointment with tenure.").

Here, in its September 5, 2017, Opinion and Order, the Court found that "[t]he latest point at which Pulte was allegedly injured and thus knew or should have known of the harm, was when it paid the recreation fees of which it complains," which, for the 2013 Resolutions, was on October 18, 2013. (Doc. #33 at 5). The Court therefore concluded Pulte's claims related to the 2013 Resolutions, included in its complaint filed on October 17, 2016, were timely.

However, upon reconsideration, and in light of the binding precedent discussed above, the Court concludes Pulte's claims related to the 2013 Resolutions accrued not when it paid the recreation fees, but instead at the latest on September 27, 2013, when the Planning Board passed the Resolutions and imposed the recreation fees on Pulte.

4

In particular, Pulte alleges "[t]he Planning Board held protracted public hearings from May, 2013 through September 25, 2013, during which Pulte requested the Planning Board conduct fact-finding and assess the present and future need for recreation space on the Property and the Town of Carmel, or imposing a fee in lieu thereof." (Am. Compl. ¶ 33). Pulte further alleges the 2013 Resolutions were signed "[u]pon closing of the public hearing on Lot 3 and Lot 5," and were dated September 27, 2013. (Id. ¶ 36). In addition, Pulte alleges, "[l]ike the 2008 Resolutions, the 2013 Resolutions summarily imposed conditions that Pulte pay recreation fees in lieu of parkland in the amount of $3,500.00 per dwelling unit on Lot 3 and Lot 5." (Id. ¶ 37). Finally, Pulte alleges constitutional violations based on defendants' conduct of "selectively enforc[ing] the law by imposing an unusually onerous and protracted site plan process, and in repeatedly denying Pulte the right to be heard on the issue of recreation fees and the need for parkland before summarily and arbitrarily imposing fees of $3,500 per dwelling unit." (Id. ¶ 89; see also id. ¶¶ 96, 101, 111).

Thus, the allegations contained in its amended complaint show Pulte knew or should have known of of the allegedly unconstitutional acts related to the 2013 Resolutions—the denial of Pulte's right to be heard, and the imposition of the recreation fees—by September 27, 2013, when the 2013 Resolutions were passed.[1] Pulte did not file its complaint in this action until October 17, 2016, more than three years later.

Accordingly, Pulte's claims related to the 2013 Resolutions are time-barred.

---

[1] Although Pulte does not allege the specific date it became aware of the 2013 Resolutions, its claims would only be timely if it did not know or had no reason to know about them until October 17, 2013 (three years before it filed this lawsuit) or later. Given the allegations that Pulte actively participated in the Planning Board's public hearings from May through September 25, 2013, and that the 2013 Resolutions were passed on September 27, 2013, it is not plausible that it took twenty days or more for news of the Resolutions to reach Pulte. Nothing in the complaint suggests this might be the case, and nowhere does Pulte make this argument.

5

III.     Pulte's Motion to Certify an Appeal

Because the Court's determination that Pulte's claims are time-barred mandates dismissal of the case, appeal as of right is now permitted. Accordingly, the Court need not consider the arguments raised in Pulte's motion to certify an appeal.

**CONCLUSION**

Defendants' motion for reargument is GRANTED, and the amended complaint is DISMISSED.

Plaintiff's motion to certify an appeal of the Court's September 5, 2017, Opinion and Order is DENIED AS MOOT.

The Clerk is instructed to terminate the motions (Docs. ##35, 36) and close this case.

Dated: October 27, 2017
         White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge